**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE:**

**FARO TECHNOLOGIES SECURITIES LITIGATION**

                                                 Lead Case No.6:05-cv-1810-Orl-22DAB
                                                 Member Cases:  6:06-cv-8-Orl-22DAB
                                                                  6:06-cv-16-Orl-22DAB
                                                                  6:06-cv-57-Orl-22DAB

_____

**ORDER**

This cause came on for consideration without oral argument on the District Court's referral of the issue of appointment of lead counsel in this consolidated securities litigation (Doc. No. 40). By way of background, the above actions are related securities class action lawsuits brought on behalf of those who have purchased or otherwise acquired publicly-traded securities of Defendant Faro Technologies, Inc. (herein "Faro") between May 6, 2004 and November 3, 2005. In addition to Faro, the actions name three officers of Faro as co-defendants. All of the actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (herein "the Act") and S.E.C. Rule 10b-5; asserting that Defendants made false and misleading statements or failed to disclose adverse facts, which resulted in artificially inflated prices for Faro securities purchased or acquired by Plaintiffs and the alleged class.

Following the filing of the initial action, and pursuant to the terms of the Private Securities Litigation Reform Act ("PSLRA"), a notice was published informing class members of their right to file a motion for appointment as lead plaintiff. Kornitzer Capital Management, Inc. ("Kornitzer"), an institutional investor, moved for appointment as lead plaintiff, and also moved for confirmation

of its selection of counsel. By Report to the District Court, the undersigned recommended that Kornitzer be appointed Lead plaintiff, but that its selection of lead counsel be deferred, pending additional filings (Doc. No. 36). Kornitzer responded to the Report and Recommendation by filing a Supplemental Memorandum (Doc. No. 38), which purported to respond to the Court's concerns, as reflected in the Report. The Recommendation was subsequently adopted by the District Court, and the matters raised in the Supplemental Memorandum of Lead Plaintiff were referred to the undersigned for resolution (Doc. No. 40). No party or other interested person has filed a response or has requested to be heard with respect to the matters raised in the Supplemental Memorandum, and the matter is now ripe for review. For the reasons set forth herein, the Court hereby approves the selection of counsel chosen by Lead Plaintiff, with the particular reservations and caveats noted herein.

Lead Plaintiff seeks approval of its retainer of the law firms of Shepherd, Finkelman, Miller & Shah, LLC (herein "SFMS") and the Edgar Law Firm, LLC, as lead counsel in this matter. As pointed out in previous Report, the undersigned expressed a concern that the case did not warrant the approval of two law firms, and directed Plaintiff to file additional submissions which address the general staffing plan for the litigation and the suitability of proposed counsel to the task at hand; make a showing as to the need for additional counsel, the particular tasks or duties of additional counsel and why those tasks cannot be managed by a single firm; make a showing sufficient to assure the Court that wasteful duplication of services (with resulting increased attorney's fees) will not occur; and show that the Lead Plaintiff will continue to be in charge of the management of the direction of the case.

**General Staffing Plan and the Need for Two Firms**

The papers contend that Kornitzer retained the Edgar Firm "because of its confidence in and past relationship with the attorneys of this firm." It retained SFMS "because of the experience of the firm's lawyers and their demonstrated abilities in handling securities class actions and similar matters." According to the papers, SFMS attorneys have been assigned the task of developing facts and evidence in support of establishing liability; in support of class certification; and to interact with defense counsel regarding scheduling and logistical matters. The Edgar Firm has been assigned to develop facts regarding damages. The Firms reiterate their qualifications, background and expertise, and note that the firms have worked together successfully in the past, thus assuring that the tasks will be accomplished efficiently, expeditiously and successfully. The Court accepts the logic of the task assignment staffing plan, and has no quarrel with counsels' qualifications, with respect to handling this medium sized litigation.[1] The Court does not, however, necessarily agree that the fact that the firms have worked well in the past serves as sufficient assurance that they will be "efficient, expeditious and successful" here.

As any experienced litigator knows, every case is unique in its opportunities and challenges, and what worked in Case A may well be inappropriate for Case B. In fact, with each additional cook working on the same culinary masterpiece, the kitchen becomes *less* efficient, not more so. Kornitzer implicitly recognizes this, by conceding that the case "could arguably be managed by a single firm" (Doc. No. 38 at 8). Nonetheless, counsel contends that it is in the best interest of Kornitzer and the Class for both firms to be appointed "as each firm has specialized expertise and invariably[2] will bring

---

[1] The Court notes, however, that impressive biographies of each attorney actually work against the motion. If, as argued, "each attorney . . . has significant experience prosecuting class action and other complex litigation," then why are so many of them necessary?

[2] The Court will treat the use of this adverb as hyperbole. Taken literally, the law firms would be consumed with understanding and reconciling their respective "perspectives and insights," to the detriment of moving the case forward.

-3-

different perspectives and insights to the case." *Id.* at 9. This particular argument is unpersuasive. Following this logic, a hundred firms could bring a hundred different perspectives and insights to the case. This, of course, begs the question the Court implicitly posed in the first Report – is more necessarily better? Or, put another way, how many law firms does it take to represent a Class? The Court is no more convinced that this task is best accomplished by retaining two law firms than it was upon first review of the issue.

### Lead Plaintiff in Charge

Counsel fares better by focusing on the fact that a sophisticated, experienced Lead Plaintiff made an educated, informed choice to be represented in this litigation by both firms. In Affidavit, Kornitzer's CEO avers that it has every intention of providing direction to the lawyers, and not vice versa. The Affidavit indicates that Kornitzer manages over $5 billion in combined portfolios, and is "well aware that its goal is and should be to maximize the recovery for the Class . . ." *Id.* In the Lead Plaintiff's considered judgment, the Class is best served by retaining these two firms. *Id.* Absent any indication that this choice is not in the best interests of the Class, the case law indicates that such a choice should be respected. *See, generally, In re Cendant Corp. Litigation,* 264 F.3d 201, 274 (3rd Cir. 2001); *In re Cavanaugh,* 306 F.3d 726, 732 (9th Cir. 2002). Thus, despite the Court's hesitation to appoint two firms in this relatively small class action, it is not the Court's choice to make, as there is no evidence that the selection is adverse to the interests of the Class.

### Wasteful Duplication

In Affidavit, the Chief Executive Officer of Kornitzer avers that Kornitzer "will insist upon the monitoring of time and expense and unnecessary work or duplication of efforts will not be permitted." (Doc. No. 38 at 24). In their papers, counsel echo that assurance. As Lead Plaintiff is a

sophisticated institutional investor, the Court accepts this representation, and notes that it will hold counsel to that assurance, should a fee petition be presented.

### *CONCLUSION*

The Court hereby **approves** the selection of the law firms of Shepherd, Finkelman, Miller & Shah, LLC and the Edgar Law Firm, LLC, as lead counsel in this matter. Consistent with prior Court Order, Lead Plaintiff is hereby **directed** to file a Consolidated Amended Complaint within 20 days of the date of this Order; Defendant(s) shall have thirty days from the date of filing to respond to the Consolidated Amended Complaint; and all parties are directed to meet and complete a Case Management Report, consistent with Local Rule 3.05, as soon as reasonably practicable, but in no event later than 60 days from the date of this Order. The Court will schedule a Case Management Conference on short notice following the filing of the Report.

**DONE** and **ORDERED** in Orlando, Florida on April 26, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record