# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN RE:

 FARO TECHNOLOGIES SECURITIES LITIGATION

Lead Case No. 6:05-cv-1810-Orl-22DAB
Member Cases:  6:06-cv-8-Orl-22DAB
6:06-cv-16-Orl-22DAB
6:06-cv-57-Orl-22DAB

## ORDER

This cause comes before the Court for consideration of Magistrate Judge David A. Baker's August 7, 2007 Report and Recommendation (R&R) (Doc. 99), as well as the parties' objections thereto (Docs. 100 & 102) and responses to those objections (Docs. 103 & 104).

In the R&R, Judge Baker determined that the Consolidated Second Amended Class Action Complaint (SAC) (Doc. 72) satisfies federal pleading standards applicable to securities fraud actions with respect to the claims asserted against the FARO Defendants. Judge Baker reached the opposite conclusion concerning the SAC's allegations against Defendant Grant Thornton, LLP (GT).  Accordingly, Judge Baker recommended that the FARO Defendants' motion to dismiss the SAC be denied, and that GT's similar motion be granted.

Lead Plaintiffs object to Judge Baker's determination that the SAC fails to state a viable claim for relief against GT.  *See* Doc. 102.  That objection is without merit.  Judge Baker correctly determined that the SAC fails to adequately allege scienter on the part of

GT.  Since Lead Plaintiff has been afforded two opportunities to get it right, the Court concurs in Judge Baker's conclusion that dismissal should be with prejudice.

The FARO Defendants object to Judge Baker's conclusion that the SAC states a viable claim for relief against them.  They contend the pleading fails to adequately allege scienter on their part.  Further, as to some of the Lead Plaintiff's claims, the FARO Defendants argue that the SAC fails to adequately plead "actionable misrepresentations or omissions" and loss causation.  Doc. 100 at 2.  Again, the Court disagrees.

In his comprehensive and well-reasoned R&R, Judge Baker correctly determined that, considered holistically, the SAC remedies prior pleading deficiencies and adequately states claims for relief against the FARO Defendants.  In their Objection, these defendants posit a number of opposing inferences they contend are indicative of non-fraudulent intent; however, the competing inferences suggesting fraudulent motivation are both cogent and, at the very least, equally compelling.  This is sufficient to satisfy pleading requirements regarding scienter.  Additionally, the Court concludes that the SAC otherwise comports with federal pleading standards regarding fraud and loss causation.

Based on the foregoing, it is ORDERED as follows:

1.  The August 7, 2007 Report and Recommendation (Doc. 99) is APPROVED AND ADOPTED.

2.  Lead Plaintiff's Limited Objection (Doc. 102), filed on August 24, 2007, is OVERRULED.

3.  The FARO Defendants' Objection (Doc. 100), filed on August 24, 2007, is OVERRULED.

4.  The FARO Defendants' Motion to Dismiss the Consolidated Second Amended Class Action Complaint (Doc. 83), filed on May 11, 2007, is DENIED.

5.  The FARO Defendants' Request for Oral Argument (Doc. 101), filed on August 24, 2007, is DENIED.

6.  Defendant Grant Thornton LLP's Motion to Dismiss Consolidated Second Amended Class Action Complaint With Prejudice (Doc. 85), filed on May 11, 2007, is GRANTED.

7.  Defendant Grant Thornton LLP is DISMISSED, WITH PREJUDICE, as a party to this action.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on September 18, 2007.


Copies furnished to:

Counsel of Record
Unrepresented Party
Magistrate Judge David A. Baker

ANNE C. CONWAY
United States District Judge