# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE:**

**FARO TECHNOLOGIES SECURITIES LITIGATION**

                **Lead Case No. 6:05-cv-1810-Orl-22DAB**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**  **DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO CERTAIN DISCOVERY REQUESTS AND LIMIT CERTAIN OF PLAINTIFF'S DISCOVERY REQUESTS (Doc. No. 134)**
>
> **FILED:**  January 11, 2008
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

> **MOTION:**  **PLAINTIFF'S MOTION TO COMPEL [INCORPORATED IN PLAINTIFF'S RESPONSIVE MEMORANDUM ] (Doc. No. 135)**
>
> **FILED:**  January 11, 2008
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

As set forth at the discovery conference and in the motions, the parties currently have four outstanding issues regarding the scope of discovery in this putative securities class action lawsuit. As time is of the essence due to the case management deadlines and the upcoming February

mediation, the parties have expedited the briefing of these issues and the matter is now ripe for resolution. The Court addresses each issue, in turn.

### The extent of any work product protection afforded to the Confidential Witnesses

Defendants have served Interrogatories Nos. 10 and 11, which seek:

INTERROGATORY NO. 10: Identify each person who has knowledge or information regarding the claims set forth in the Consolidated Second Amended Class Action Complaint, and the responses and defenses asserted in the FARO Defendants' Answer and Affirmative Defenses, and, for each person, provide a detailed summary of that person's knowledge or information regarding such matters.

INTERROGATORY NO. 11: Identify, by "CW" number, each Confidential Witness described or mentioned in the Consolidated Second Amended Class Action Complaint. For each Confidential Witness, state or describe (by "CW" number): whether the Confidential Witness first contacted KCM, KCM's counsel or their representatives, or whether KCM, KCM's counsel or their representatives first contacted the Confidential Witness; the date, manner and participants of and to each contact or communication with the Confidential Witness; the location of each contact or communication with the Confidential Witness; whether the Confidential Witness was a current FARO employee or a former FARO employee at the time of each contact with the Confidential Witness; whether the Confidential Witness had any confidentiality obligation or other obligation to FARO at the time of each contact; whether KCM, KCM's counsel or their representatives knew or were aware of such obligations at the time of each contact; the identity of all documents transmitted by KCM, KCM's counsel or their representatives to the Confidential Witness, and the date and manner of such transmission; the identity of all documents received by KCM, KCM's counsel or their representatives from the Confidential Witness, and the date and manner of such receipt; and whether, during each contact with the Confidential Witness, any financial payment or other benefit, incentive, reimbursement, or remuneration to the Confidential Witness was discussed (and, if so, what was discussed, and by whom, including, but not limited to, the terms of any agreement relating to such financial payment or other benefit, incentive, reimbursement, or remuneration).

Lead Plaintiff objects to these Interrogatories to the extent they seek *specific* identification of the Confidential Witnesses (herein "CW") by the number ascribed to them in the Second Amended Complaint, contending that such disclosure *at this time* is violative of the work-product privilege set forth in Federal Rule of Civil Procedure 26(b)(3). Plaintiff argues that it has already disclosed all

known witnesses (necessarily including the CW's) in a general fashion in its Initial Disclosures and that it should be allowed to protect the specific identities of these witnesses, until such time as it makes a determination to use a particular witness for trial.

As noted by Defendant, Fed. R. Civ. P. 26(b)(1)(2007) states that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." The names and addresses of witnesses are non-privileged and discoverable. *Castle v. Sangamo Weston, Inc.,* 744 F.2d 1464, 1467 (11th Cir. 1984). Thus, solely as to the issue of *identity*, the Court agrees with the majority of the courts that have recently addressed the issue, and finds "the work product immunity does not allow Plaintiffs to conceal the identity of those "Confidential Witnesses" identified by title in the complaint." *Mazur v. Lampert* 2007 WL 917271, *4 (S.D. Fla. 2007), citing *In re Aetna, Inc*. *Sec. Litig*., 1999 WL 354527 (E.D. Pa. May 26, 1999); *American Floral Servs., Inc. v. Florists' Transworld Delivery Ass'n*, 107 F.R.D. 258 (N.D. Ill.1985); *In re Theragenics Corp. Sec. Litig*., 205 F.R.D. 631 (N.D.Ga.2002); *Accord, Brody v. Zix, Corp*., 2007 WL 1544638 (N.D. Tex. 2007); *In re Harmonic, Inc. Securities Litigation,* 245 F.R.D. 424 (N.D. Cal. 2007). To the extent the Interrogatories seek the specific identification of the CW's, the motion to compel is **granted.[1]**

That said, the Court **denies** the motion to compel, to the extent Interrogatory 11 seeks clearly protected work-product information, such as the particulars of any and all contacts with Plaintiff's attorneys or investigators. Although Defendant states in a footnote that it does not seek to compel

---

[1] The Court rejects Plaintiff's contention that revealing the identity of the CW would permit opposing counsel to infer which witnesses counsel considers important, thus revealing mental impressions and strategy. (Doc. No. 135 at 9). Here, Plaintiff has already revealed which witnesses counsel finds important, by setting forth specific information as to their knowledge, in the SAC. Plaintiff has already pled *generally* who they are (*e.g.,* "a manager in FARO's purchasing department") and *specifically* what they know. Their name and address does not add to counsel's mental impression.

discovery concerning Plaintiff's investigators, the information sought in Interrogatory 11 is so broad as to inappropriately uncover what the lawyer did and thought, rather than what the witness knows. *See Hickman v. Taylor,* 329 U.S. 495, 508 (1947) (noting, among other things and subject to exception, that work-product includes information which an attorney secures from a witness while acting for his client in anticipation of litigation). Defendants are free to seek the factual information regarding the knowledge of a witness directly from the witness, but there is no showing that details regarding which attorney asked which question, and where, is even relevant, let alone of such importance as to override the traditional protection offered to such information. *See* Rule 26(b)(3)(A)(ii), Federal Rules of Civil Procedure.

Plaintiff contends that if it must identify the CW's, it be allowed to wait to do so, until thirty days before the close of the discovery period. The Court declines to adopt this proposal, which is markedly inconsistent with Plaintiff's position that it should be allowed to engage in early merit discovery "in order to prepare for the [February] mediation." As Plaintiff recognizes, it has a "right to prepare the case on the merits and for mediation" (Doc. No. 135 at 25). Certainly, Defendants have no less a right to do so. Plaintiff shall supplement its response to the Interrogatories to include the specific identification of the CW's within five days of the date of this Order.

### Plaintiff's Relationship with co-lead counsel

Defendants move to compel Plaintiff to produce documents related to Plaintiff's current and past relationship with the Edgar Firm and Shepherd, Finkelman, Miller and Shah, LLC, the two law firms currently serving as Co-Lead Counsel, including all fee arrangements and agreements (Defendants' First Set of Interrogatories, No. 16; Defendants' First Set of Requests for Production of Documents Nos. 43-45.) Plaintiff objects on relevance grounds.

With respect to the fee agreements themselves, the Court finds them to be relevant and discoverable here. There is nothing magical or privileged about a fee agreement in class action litigation. Indeed, courts are heavily involved in the selection process of the attorney representing the class, as well as the ultimate compensation paid to class counsel; perhaps more so than in any other kind of litigation. While fee arrangements are not always relevant to class certification issues, and, in fact, numerous courts have found them to be irrelevant in that context, here, the appointment of two firms to represent Lead Plaintiff and the class, based on a strong pre-existing professional relationship, is sufficiently unusual as to warrant the disclosure of the fee agreements. *See, generally, In re Sheffield,* 280 B.R. 719 (S.D. Ala. 2001) (collecting cases). The motion is **granted, with respect to production of the fee agreements.** To the extent Defendants seek documents or discovery regarding Plaintiff's oversight of the action or other documents regarding its relationship with counsel, the motion is **denied, as moot.** *See* Doc. No. 135, n. 8.

### The ability to conduct "limited" merit discovery prior to the mediation date

To the extent there are motions to either allow or limit this discovery, both are **denied.** The Case Management and Scheduling Order (Doc. No. 116) does not purport to limit merits discovery until after class certification issues are completed, and the relatively expedited nature of the case does not warrant such treatment, in any event. Plaintiff need not seek permission to conduct discovery, and Defendant's have not presented sufficient grounds to avoid it. The parties are ably represented and the Court trusts that they are capable of working cooperatively to schedule discovery.

### Pre and post-Class Period Discovery

The final issue presented to the Court is the proper scope of discovery in the pre and post-class period, with Plaintiff seeking six months on either end and Defendants offering three months. The Court finds the arguments both for and against this issue to be unenlightening. On one hand, six

months in either direction does not appear to be that unreasonable a time period, considering the nature of the case and the fact that this is a public company. On the other hand, absent a showing of relevance, such a time period appears to be no more than arbitrary. In the absence of any showing of particular burdensomeness or other prejudice, the Court finds the six month "cushion" not inappropriate.

**DONE** and **ORDERED** in Orlando, Florida on January 22, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record